1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   BRIAN GARLOUGH,                  No.  2:20-cv-01879-JAM-AC

13              Plaintiff,

14      v.                            **ORDER GRANTING DEFENDANTS LITHIA
                                      MOTORS' AND FCA'S MOTIONS TO**
15   FCA US LLC, et al.,              **DISMISS**

16              Defendants.

17

18        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

19        On July 5, 2018, Brian Garlough ("Plaintiff") purchased a

20   2018 Dodge Demon after viewing various promotional materials.

21   Third Am. Compl. ("TAC") ¶¶ 18, 26-27; ECF No. 50.  One of the

22   most prominent features of the car is the 45 square inch, air-

23   grabber hood scoop ("hood scoop").  Id. ¶ 15.  Plaintiff alleges

24   that Defendant FCA, who marketed and produced the Dodge Demon,

25   was aware of issues with the hood scoop but concealed this defect

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for July 27, 2021.

1   from consumers and continued to market the car.  Id. ¶¶ 21-25.

2   Specifically, Plaintiff alleges that the hood scoop expands,

3   contracts, warps, and vibrates when the car is used, which then

4   chips, scrapes, and cracks the original factory paint, causing

5   damage to the car's hood, including rust.  Id. ¶ 21.  Plaintiff

6   alleges, that despite being aware of this issue, FCA continued to

7   advertise the car as having the largest functional hood scoop,

8   misleading consumers.  Id. ¶¶ 14-18.

9        Plaintiff then brought this action against FCA in San

10  Joaquin Superior Court, which Defendant removed to this Court.

11  See Notice of Removal, ECF No. 1.  Plaintiff filed an amended

12  complaint adding Lithia DMID, Inc., the dealership where he

13  purchased the car and Lithia Motors, Inc., Lithia DMID's parent

14  company, as defendants.  See Second Am. Compl. ("SAC"), ECF No.

15  17.  All three Defendants moved to dismiss the Second Amended

16  Complaint.  See FCA's 12(b)(2) Motion, ECF No. 23; FCA's 12(b)(6)

17  Mot., ECF No. 24; Lithia's 12(b)(2) Mot., ECF No. 29; Lithia's

18  12(b)(6) Mot., ECF No. 30.  The Court granted Lithia DMID's

19  motion to dismiss finding the Court lacked personal jurisdiction.

20  Dismissal Order at 11, ECF No. 49.  The Court also granted Lithia

21  Motors' motion to dismiss as Plaintiff had failed to state a

22  claim for breach of contract since it was not a party to the

23  purchase contract.  Id. at 25.  The Court granted in part and

24  denied in part FCA's motion to dismiss.  See generally Dismissal

25  Order.

26       Plaintiff then filed his Third Amended Complaint against FCA

27  and Lithia Motors.  See TAC.  Specifically, Plaintiff asserted a

28  breach of contract claim against Lithia Motors (Count Six) and a

2

1   False Advertising Law ("FAL") claim (Count One); California

2   Consumer Legal Remedies Act ("CLRA") claim (Count Two); Unfair

3   Competition Law ("UCL") claim (Count Three); fraudulent

4   concealment claim (Count Four); negligent misrepresentation claim

5   (Count Five); and unjust enrichment claim (Count Seven) against

6   FCA.  TAC at 9-16.  Defendants now move to dismiss all of

7   Plaintiff's claims.  See Lithia's Mot. to Dismiss ("Lithia's

8   Mot."), ECF No. 54; FCA's Mot. to Dismiss ("FCA's Mot."), ECF No.

9   55.  Plaintiff opposed these motions.  See Opp'n to Lithia, ECF

10  No. 56; Opp'n to FCA, ECF No. 60.  Defendants replied.  See

11  Lithia's Reply, ECF No. 63; FCA's Reply, ECF No. 64.  For the

12  reasons set forth below the Court grants Defendants' Motions to

13  Dismiss.

14

15                    II.   OPINION

16       A.   Legal Standard

17       A Rule 12(b)(6) motion challenges the complaint as not

18  alleging sufficient facts to state a claim for relief.  Fed. R.

19  Civ. P. 12(b)(6).  "To survive a motion to dismiss [under

20  12(b)(6)] a complaint must contain sufficient factual matter,

21  accepted as true, to state a claim for relief that is plausible

22  on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

23  (internal quotation marks and citation omitted).  While

24  "detailed factual allegations" are unnecessary, the complaint

25  must allege more than "[t]hreadbare recitals of the elements of

26  a cause of action supported by mere conclusory statements."  Id.

27  "In sum, for a complaint to survive a motion to dismiss, the

28  non-conclusory 'factual content,' and reasonable inferences from

                                3

1   that content, must be plausibly suggestive of a claim entitling

2   the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d

3   962, 969 (9th Cir. 2009).

4       B.   Judicial Notice

5       FCA requests the Court take judicial notice of the 2018

6   Dodge Challenger SRT Demon Customer Acknowledgement form.  Req.

7   for Judicial Notice, ECF No. 57.  The Court did not rely on this

8   document in ruling on the instant motions and therefore denies

9   as moot FCA's request.  See Sikhs for Justice "SFJ", Inc. vg.

10  Facebook, Inc., 144 F.Supp.3d 1088, 1091 n.1 (N.D. Cal. 2015).

11      C.   Lithia Motors' Motion to Dismiss

12      It is a general principle of corporate law that a parent

13  corporation is not liable for the acts of its subsidiaries.

14  U.S. v. Bestfoods, 524 U.S. 51, 61 (1998).  "Under the alter ego

15  doctrine, however, where a corporation is used by an individual

16  or individuals, or by another corporation, to perpetrate fraud,

17  circumvent a statute, or accomplish some other wrongful or

18  inequitable purpose, a court may disregard the corporate entity

19  and treat the corporation's acts as if they were done by the

20  persons actually controlling the corporation." Robbins v.

21  Blecher, 52 Cal.App.4th 886, 892 (1997).

22      To successfully plead a claim based on an alter ego theory

23  two elements must be alleged: (1) a unity of interest and

24  ownership between the corporation and its equitable owner such

25  that their separate personalities do not in reality exist and

26  (2) an inequitable result will follow if the acts in question

27  are treated as those of the corporation alone.  Xyience Beverage

28  Co., LLC v. Statewide Beverage Co., Inc., No. CV 15-02513 MMM

4

(AJWx), 2015 WL 13333486 at *5 (C.D. Cal. Sept. 24, 2015)
(quoting <u>Sonora Diamond Corp. v. Superior Court</u>, 83 Cal.App.4th
523, 526 (2000)).  "Some of the factors that California courts
consider when assessing whether there is the requisite 'unity of
interest' include: inadequate capitalization, commingling of
funds and other assets, holding out by one entity that it is
liable for the debts of the other, identical equitable
ownership, use of the same offices and employees, use of one as
a mere conduit for the affairs of the other, disregard of
corporate formalities, lack of segregation of corporate records,
and identical directors and officers."  <u>Smith v. Simmons</u>, 638
F.Supp.2d 1180, 1191 (E.D. Cal. 2009), <u>aff'd</u>, 409 F.App'x 88
(9th Cir. 2010).

Plaintiff brings a breach of contract claim against Lithia
Motors.  TAC ¶¶ 75-76.  Lithia Motors' subsidiary Lithia DMID,
Inc., was a party to the purchase contract; <u>Id.</u> ¶ 76; <u>see also</u>
TAC Ex. A. Lithia Motors was not.  TAC ¶ 4.  Accordingly,
Plaintiff seeks to hold Lithia Motors liable under an alter ego
theory.  <u>Id.</u>  Plaintiff alleges that "Lithia Motors uses
corporate entities, including Lithia DMID, as mere shells,
instrumentalities or conduits through which it conducts its own
individual business with the simultaneous intent of shielding
itself from personal obligations."  <u>Id.</u> ¶ 5.  Further,
"Plaintiff alleges that there is no difference between Lithia
DMID and Lithia Motors and that Lithia DMID acted as an agent,
servant, alter-ego and/or joint venture of Lithia Motors, and in
doing the things alleged herein, acted within the course and
scope of such agency, alter-ego, and/or in the furtherance of

1  the joint venture." Id. ¶ 6.  And that "there exists such a

2  unity of interest and ownership between Lithia DMID and Lithia

3  Motors such that any separateness between the two has ceased to

4  exist in that Lithia DMID is completely controlled, dominated,

5  managed, and operated by Lithia Motors to suit its convenience."

6  Id.

7       Such "[c]onclusory allegations of 'alter ego' status are

8  insufficient to state a viable claim.  Rather, a plaintiff must

9  allege specific facts supporting both of the elements of alter

10  ego liability."  Xyience Beverage Co., 2015 WL 13333486 at *5;

11  see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

12  ("Threadbare recitals of the elements of a cause of action,

13  supported by mere conclusory statements, do not suffice.")  The

14  only facts pled are that Lithia DMID and Lithia Motors share the

15  same corporate office in Oregon and management team, and that

16  the dealership's website provides visitors with a link to Lithia

17  Motors' "Investor Relations" website.  TAC ¶¶ 4, 5. The Court

18  finds these allegations are insufficient to state a claim for

19  alter ego liability.  See Katzir's Floor and Home Design, Inc.

20  v. M-MLS.com, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere

21  fact of sole ownership and control does not eviscerate the

22  separate corporate identity that is the foundation of corporate

23  law."); Xyience Beverage Co., 2015 WL 13333486 at *7-8 (finding

24  the allegation that two corporations shared the same officers

25  was insufficient to satisfy the unity of interest element of

26  alter ego liability as allegations of inadequate capitalization,

27  commingling of assets, and disregard of the corporate

28  formalities are critical).

1    Finally, Plaintiff fails to plead any facts that would

2  establish the second prong of the alter ego analysis — that an

3  inequitable result will follow.  That Plaintiff would be

4  burdened in having to bring his claims in Texas to recover

5  against Lithia DMID is not enough.  See Smith v. Simmons, 638

6  F.Supp.2d 1180, 1192 (E.D. Cal. 2009) ("California courts have

7  rejected the view that the potential difficulty a plaintiff

8  faces collecting a judgment is an inequitable circumstance that

9  warrants application of the alter ego doctrine.")  Rather,

10  allegations of bad faith conduct on the part of Defendants is

11  required.  See id.  Similarly, Plaintiff's joint venture and

12  partnership theory are conclusory and not supported by any

13  facts.  See TAC ¶ 6.

14    Accordingly, Plaintiff has failed to state a claim against

15  Lithia Motors and his breach of contract claim is dismissed.

16    D.   FCA's Motion to Dismiss

17    Plaintiff alleges FCA's misrepresentations about the Dodge

18  Demon's hood violated California's False Advertising Law

19  ("FAL"); Consumer Legal Remedies Act ("CLRA"); and Unfair

20  Competition Law ("UCL").  The FAL prohibits any unfair,

21  deceptive, untrue, or misleading advertising.  Cal. Bus. & Prof.

22  Code § 17500.  The CLRA prohibits "unfair methods of competition

23  and unfair or deceptive acts or practices undertaken by any

24  person in a transaction intended to result or that results in

25  the sale or lease of goods or services to any consumer."  Cal.

26  Civ. Code § 1770.  The UCL prohibits any "unlawful, unfair or

27  fraudulent business act or practice."  Cal. Bus. & Prof. Code

28  § 17200.

Plaintiff also alleges liability for fraudulent concealment and negligent misrepresentation. Under California law, to be liable for fraudulent concealment, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Linear Tech. Corp v. Applied Materials, Inc., 152 Cal.App.4th 115, 131 (2007). Negligent misrepresentation requires (1) a misrepresentation, (2) justifiable reliance, and (3) resulting damage. Small v. Fritz Companies, Inc., 30 P.3d 1255, 1259 (Cal. 2003). "A negligent misrepresentation claim requires a positive assertion, not merely an omission." Lopez v. Nissan North American, Inc., 201 Cal.App.4th 572, 596 (Ct. App. 2011)(internal quotation marks and citation omitted).

      1.   <u>Affirmative Misrepresentations</u>

     *Particularity Requirement of Rule 9(b)*

FCA first argues that Plaintiff's affirmative allegations of fraud under the FAL, CLRA, fraudulent prong of the UCL, common law fraudulent concealment, and negligent misrepresentation, fail to state a claim as they are not pled with the particularity required of Rule 9(b). See FCA's Mot. at 4-5. Rule 9(b) requires that allegations of fraud be pled with "particularity of the circumstances constituting fraud." Fed.

R. Civ. P. 9(b).  Even if fraud is not an essential element of a claim, claims that are grounded in fraud must satisfy the particularity requirement of Rule 9(b).  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009).  To satisfy the particularity of Rule 9(b), "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).

In <u>Kearns</u>, the plaintiff alleged that Ford engaged in a fraudulent course of conduct by misrepresenting that certified pre-owned vehicles were subject to more rigorous inspections than non-certified pre-owned vehicles.  <u>Kearns</u>, 567 F.3d at 1125.  Plaintiff alleged he was exposed to these representations through Ford's televised national marketing campaign, sales materials from the dealership, and sales personnel.  <u>Id.</u> at 1223-26.  The Ninth Circuit found that Kearns had failed to plead his claims with the requisite particularity as he did not specify what the advertisements or sales materials stated, when he was exposed to them, or which he found material.  <u>Id.</u> at 1126.  Accordingly, he failed to allege the who, what, when, where, and how of the misconduct.

Contrastingly here, Plaintiff does allege which specific advertisements he saw and what statements he found material— that the hood scoop was functional.  TAC ¶¶ 12-18.  He explains these statements were false as the hood scoop "expands, contracts, warps, and vibrates when the Dodge Demon is used, which in turn, chips, scrapes, and cracks the original factory

1    paint and causes damage to the Dodge Demon's hood, including

2    rust." Id. ¶ 21.  He also specifies when the advertisements

3    were released and that he saw them on or around that date.  Id.

4    Accordingly, Plaintiff has alleged the who, what, when, where,

5    and how satisfying the particularity requirement of Rule 9(b).

6         *Non-Actionable Puffery*

7         FCA also argues that Plaintiff has failed to state a claim

8    based on affirmative misrepresentations as the alleged false

9    statements constitute non-actionable puffery.  FCA's Mot. at 6.

10   Generalized, vague, unspecific assertions constitute mere

11   puffery which is not actionable under California law.  Glen

12   Holly Entertainment, Inc. v. Tektronix Inc., 343 F.3d 1000, 1015

13   (9th Cir. 2003) (statements that constitute puffery cannot be

14   the basis for a fraud or negligent misrepresentation claim);

15   Frenzel v. AliphCom, 76 F.Supp.3d 999, 1010-12 (N.D. Cal. 2014)

16   (noting statements that amount to puffery are not actionable

17   under the CLRA, UCL, and FAL).

18        Plaintiff alleges FCA's advertisements stated the hood

19   scoop was the "largest functional 'Air Grabber' cold air intake

20   hood."  TAC ¶ 15.  Plaintiff contends this statement was false

21   as the hood scoop expands, contracts, warps, and vibrates when

22   the Dodge Demon is used, which in turn chips the original

23   factory paint and causes damage to the hood, making it non-

24   functional.  TAC ¶ 21.  The Court finds that FCA's statements

25   regarding the hood's general functionality are the kind of

26   generalized, vague, and unspecific assertions that constitute

27   non-actionable puffery.  See Milisits v. FCA US LLC, No. 20-cv-

28   11578, 2021 WL 3145704, at *8 (E.D. Mich. July 26, 2021)

                                   10

1   (finding statement that cars were fully functional, safe,

2   durable, and/or reliable to be non-actionable puffery); In re

3   Seagate Tech. LLC Litig., 233 F.Supp.3d 776, 793 (N.D. Cal.

4   2017) ("use of terms like 'quality,' 'reliability,' and

5   'performance' generally constitutes puffery."); Frenzel v.

6   AliphCom, 76 F.Supp.3d 999, 1011-12 (N.D. Cal. 2014) ("vague

7   statements about general functionality [. . .] are not

8   actionable under California's consumer protection statutes.")

9   Accordingly, Plaintiff has failed to state a claim under the

10  FAL, CLRA, fraudulent prong of the UCL, fraudulent concealment,

11  and negligent misrepresentation[2], based on FCA's affirmative

12  misrepresentations.

13          2.   Omissions

14      "Omissions may be the basis of claims under California

15  consumer protection laws [and fraudulent concealment], but 'to

16  be actionable the omission must be contrary to a representation

17  actually made by the defendant, or an omission of a fact the

18  defendant was obliged to disclose." Hodsdon v. Mars, Inc., 891

19  F.3d 857, 861 (9th Cir. 2018)(quoting Daugherty v. Am. Honda

20  Moto Co., 144 Cal.App.4th 824, 835 (2006)); Ahern v. Apple Inc.,

21  411 F.Supp.3d 541, 561 (N.D. Cal. 2019). A manufacturer has a

22  duty to disclose only when a defect affects the central function

23  of the product or causes an unreasonable safety hazard.

24  Hodsdon, 891 F.3d at 861-65; see also Ahern, 411 F.Supp.3d at

25  567 (noting that in Hodsdon, the Ninth Circuit held that under

26  _____

27  [2] Because a claim of negligent misrepresentation cannot be based
    on an omission, Plaintiff's claim for negligent misrepresentation
    also fails.  Lopez v. Nissan North American, Inc., 201

28  Cal.App.4th at 596.

11

1  California law, a defendant only has a duty to disclose material

2  defects that impair the product's central function or safety).

3  A defect affects the central function of a product when it

4  renders the product incapable of use by any consumer.  Hodsdon,

5  891 F.3d at 864.

6      Here, Plaintiff has alleged a cosmetic issue with the hood.

7  Specifically, he claims that the hood scoop "expands, contracts,

8  warps and vibrates when the Dodge Demon is used, which in turn

9  chips, scrapes, and cracks the original factory paint" causing

10  damage to the hood, including rust.  TAC ¶ 21.  Plaintiff does

11  not contend that this defect renders the Dodge Demon incapable

12  of use or that it causes an unreasonable safety hazard.  See

13  generally TAC; see also Opp'n 10-11.  Because Plaintiff has

14  alleged a cosmetic issue with the hood that does not render the

15  car incapable of use or cause an unreasonable safety hazard, FCA

16  had no duty to disclose the issue with the hood scoop.

17  Accordingly, Plaintiff has failed to state a claim under the

18  FAL, CLRA, fraudulent prong of the UCL, or of fraudulent

19  concealment.  See Hodsdon, 891 F.3d at 865; see also Ahern v.

20  Apple Inc., 411 F.Supp.3d 541, 568 (N.D. Cal. 2019).

21          3.   Non-Fraud Based UCL Claims

22      "California's UCL provides a cause of action for business

23  practices that are (1) unlawful, (2) unfair, or (3) fraudulent."

24  Bankhaut v. Apple, Inc., 7 F.Supp.3d 1033, 1050 (N.D. Cal. 2014)

25  (citing Cal. Bus. & Prof. Code § 17200).  "A 'business act or

26  practice' is 'unlawful' under the unfair competition law if it

27  violates a rule contained in some other state or federal

28  statute."  Sandoz Inc. v. Amgen Inc., 137 S. Ct. 1664, 1673

1   (2017) (citing <u>Rose v. Bank of American, N.A.</u>, 57 Cal.4th 390,

2   396 (2013)).  In effect, the UCL "borrows violations of other

3   laws and treats them as unlawful practices that the unfair

4   competition law makes independently actionable." <u>Davis v. HSBC</u>

5   <u>Bank Nevada, N.A.</u>, 691 F.3d 1152, 1168 (9th Cir. 2012)

6   (citations and internal quotation marks omitted).

7       Plaintiff's theory of liability under the unlawful prong of

8   the UCL is based on the alleged violations of the FAL and CLRA.

9   TAC ¶ 59.  However, as explained above he has not viably alleged

10   a violation of either.  Accordingly, he has failed to state a

11   claim under the unlawful prong of the UCL.  See <u>Poghosyan v.</u>

12   <u>First Fin. Asset Mgmt., Inc.</u>, No. 1:19-cv-01205-DAD-SAB, 2020 WL

13   433083, at *8 (E.D. Cal. Jan. 28, 2020).

14       Further, a cause of action based on the unfair prong of the

15   UCL does not survive when it overlaps entirely with a

16   plaintiff's claims alleging fraud that also do not survive.

17   <u>Hauck v. Advanced Micro Devices, Inc.</u>, No. 18-cv-00447, 2019 WL

18   1493356, at *15 (N.D. Cal. April 4, 2019), <u>aff'd</u>, 816 F.App'x 39

19   (9th Cir. 2020).  Here, Plaintiff's claim under the unfair prong

20   is premised on FCA's allegedly fraudulent conduct.  See TAC

21   ¶¶ 56, 57.  Because his unfair prong claim overlaps entirely

22   with his fraud claim, it also fails.  See <u>Hauck</u>, 2019 WL 1493356

23   at *15.

24           4.   <u>Unjust Enrichment Claim</u>

25     In California, a claim for unjust enrichment is not a

26   stand-alone cause of action and must be dismissed when the

27   Plaintiff has failed to state a predicate claim warranting such

28   relief.  See <u>Donohue v. Apple, Inc.</u>, 871 F.Supp.2d 913, 932-33

(N.D. Cal. 2012).  Because Plaintiff has failed to sufficiently plead a predicate cause of action for the reasons detailed above, his unjust enrichment claim must also be dismissed.  <u>See</u> <u>id.</u>

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants Lithia Motors' and FCA's Motions to Dismiss.  Plaintiff has had three opportunities to amend his complaint and cure any deficiencies.  Accordingly, the Court finds amendment would be futile and dismisses Plaintiff's claims WITH PREJUDICE.  <u>See</u> <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d 981, 1007 (9th Cir. 2009) (noting that where the plaintiff has previously been granted leave to amend and subsequently failed to cure deficiencies the district court's discretion to deny leave to amend is particularly broad).

IT IS SO ORDERED.

Dated: September 2, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

14